IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN VANDINE AND RENEE VANDINE,<br>    **Plaintiffs,**<br><br>    v.<br><br>SUMMIT TREESTANDS LLC AND DICK'S SPORTING GOODS, INC.,<br>    **Defendants.** | CIVIL ACTION<br><br><br>NO. 23-0027 |

### MEMORANDUM OPINION

Plaintiffs move to remand this action, arising out of injuries sustained when Plaintiff John Vandine fell from a climbing treestand when a cable spring allegedly failed, to the Philadelphia County Court of Common Pleas. Plaintiffs contend that remand is necessary based on violations of the forum defendant rule, 28 U.S.C. § 1441(b)(2), and rule of unanimous consent, 28 U.S.C. § 1446(b)(2)(A).

For the reasons below, Plaintiffs' motion will be denied.

### I. FACTUAL BACKGROUND

On November 1, 2022, Plaintiffs filed a writ of summons in the Philadelphia County Court of Common Pleas against Defendants Summit Treestands, LLC ("Summit") and Dick's Sporting Goods, Inc. ("Dick's"). On December 7, the writ was served on Defendant Dick's, and on December 12, it was served on Defendant Summit. Plaintiffs then filed a Complaint against Defendants in the Court of Common Pleas on January 3.

Plaintiff's Complaint was later sent by electronic mail to counsel for each Defendant on January 4. Although Defendants' respective counsel did not respond to the Plaintiffs' request to accept service of the Complaint, Defendant Summit filed a notice of removal the same day.

1

Plaintiffs only later formally served the Complaint on the Defendants—Defendant Dick's on January 17 and Defendant Summit on January 18.

It is not contested that Defendant Dick's is located in Pennsylvania and that the parties are completely diverse—the Plaintiffs being located in New Jersey and Defendant Summit being located in Alabama and Arkansas. Plaintiffs additionally allege an amount in controversy exceeding $75,000 in their Notice of Removal. Defendants accordingly assert that jurisdiction is proper in the United States District Court pursuant to the provisions of 28 U.S.C. § 1332 based on diversity of citizenship.

## II. DISCUSSION

Plaintiffs contend that the matter must be remanded on the basis of defects in the removal procedure pursuant to 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."), specifically violations of the forum defendant rule and rule of unanimous consent.

### A. Forum Defendant Rule

Removal of state court actions to federal district court is governed by 28 U.S.C. §§ 1441-55. *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3d Cir. 2018). The general removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Where federal jurisdiction is premised only on diversity of the parties—as is the case

here—the forum defendant rule applies, which provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also Encompass Ins. Co.*, 902 F.3d at 152.

The Third Circuit has determined that the "plain meaning [of Section 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served." *Encompass Ins. Co.*, 902 F.3d at 152 (emphasis added). Accordingly, removal is allowed, despite the forum defendant rule, where a notice of removal is filed before the forum defendant has been served. *Id.* at 152-54; *see also Avenatti v. Fox News Network LLC*, 41 F.4th 125, 128 (3d Cir. 2022) (concluding forum defendant could remove to federal court where it had not been "properly served" at the time of removal). This procedure is often referred to as "snap removal." *See, e.g.*, *Hampton v. Speedway, LLC*, 2021 WL 1339953, at *2 (E.D. Pa. Apr. 9, 2021).

Here, Defendant Dick's, a citizen of Pennsylvania, was not properly joined and served before Defendant Summit filed the Notice of Removal. Specifically, Summit filed the Notice of Removal on January 4, and Plaintiffs later served Dick's on January 17.[1]

Nonetheless, Plaintiffs contend that the forum defendant rule applies to bar removal because, in its view, removal before service on the forum defendant is only allowed when performed by the forum defendant itself (*i.e.*, Dick's), whereas here it was the non-forum Defendant (Summit) who removed the action. Specifically, Plaintiffs maintain that *Encompass*

---

[1] As Plaintiffs acknowledge, Defendant Summit filed its Notice of Removal "before any of the Defendants were formally served."

*Insurance Co.*, the primary, precedential case addressing the issue of removal before service on the forum defendant, only contemplates allowing a forum defendant itself to remove prior to service—rather than any non-forum defendant. 902 F.3d 147.

While *Encompass Insurance Co.* involved removal by a forum defendant, *see id.* at 149-50, Plaintiff points to no language in *Encompass* that would limit its allowance of "snap removal" to instances where the forum defendant itself seeks to remove—nor does the Court find any such limiting principle in that binding precedent.[2] *Cf. McLaughlin v. Bayer Essure, Inc.*, 2019 WL 2248690, at *4 (E.D. Pa. May 24, 2019) (denying motion to remand where non-forum defendants sought to remove).

### B. Rule of Unanimity

Plaintiffs next contend that the case should be remanded because not all joined defendants consented to the removal—specifically, Defendant Dick's has not joined in the removal or expressed its consent.

---

[2] Plaintiff also relies on language referring to a "resident defendant" or "forum defendant" in a series of district court cases following *Encompass* to contend that *Encompass* has been "interpreted and limited . . . as allowing only 'a *resident defendant* to remove to federal court prior to service of process.'" *Castillo v. Nat'l Council of Young Men's Christian Associations of United States*, 2022 WL 855685, at *2 (D.N.J. Mar. 22, 2022); *see also Cassell v. Little*, 2021 WL 1837647, at *3 (M.D. Pa. May 7, 2021) ("[A] forum defendant may remove a state court action involving diverse parties prior to service of the complaint and therefore avoid the forum defendant rule[.]"); *Stanley v. Lowe's Companies, Inc., et al.*, 2020 WL 1531387, at *2 (D.N.J. Mar. 31, 2020) ("Where the forum defendant has not been properly joined and served in an action where there is diversity jurisdiction, the forum defendant nevertheless may remove the action through what is called 'snap removal.'"). But none of these cases, apart from merely using language referring to the resident or forum defendant, supports the proposition that *Encompass*'s allowance of snap removal was limited to instances where the forum defendant itself files the notice to remove.

Plaintiff otherwise relies on case law decided before *Encompass* that has in effect been overruled by *Encompass*. *See, e.g.*, *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp.2d 514, 517, 521 (E.D. Pa. 2013) (concluding snap removal was not permissible and granting motion to remand after refusing to apply the "plain meaning" of the forum defendant rule to allow for a "race to remove."). *But see Encompass Ins. Co.*, 902 F.3d at 152-54 (concluding the "plain meaning" of the forum defendant rule precludes removal "only when the defendant has been properly joined and served").

Where there are multiple defendants, all defendants must join in or consent to removal. *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("[T]he failure of all defendants to remove creates a 'defect in removal procedure[.]'" (citing 28 U.S.C. § 1447(c))); *Greatwide Am. Trans Freight, LLC v. Parks Logistics, LLC*, 2015 WL 463956, at *1 (E.D. Pa. Feb. 4, 2015) ("In cases involving multiple defendants, all defendants must consent unanimously to the removal.").

There is, however, an exception to this rule where a defendant that would otherwise need to consent has not yet been served. In that case, consent is not required from the unserved defendant. *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[W]here all defendants must consent to removal, a defendant who has not been served need not consent to removal.") (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985). Here, Defendant Dick's was not served until after Defendant Summit filed the notice of removal.

Plaintiffs contend that the consent requirement can be triggered through service *or* where defendants were "otherwise in receipt of the complaint," relying on language in 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" (emphasis added)). On this basis, Plaintiffs maintain that Defendants' receipt of a copy of the Complaint, as sent to Defendants' counsel via email on January 4, was sufficient to trigger the consent requirement.

But Plaintiffs ignore Section 1446(b)'s limitation that, when a civil action is removed under Section 1441(a)—as is the case here—only "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added); *see also Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp.3d 582, 584-85

(E.D. Pa. 2018) (examining whether there was a "failure to obtain the consent of all defendants *who were properly served*" (emphasis added)).

Plaintiffs make no argument that Defendant Dick's was properly served before the removal of the action. *See Aetna Inc.*, 284 F. Supp.3d at 584-85 (the party asserting the validity of service bears the burden of proof on that issue "even in the context of a motion to remand") (listing cases).[3]  Moreover, that there was no proper service here follows directly from the Third Circuit's opinion in *Encompass Insurance Co.*, where the court determined there was no proper service where the plaintiff sent a copy of a filed complaint and service-acceptance form via email to the defendant but the defendant removed to federal district court "prior to formal acceptance" of service after "delaying formal service of process." 902 F.3d at 150-54.  Similarly here, Plaintiffs sent a copy of the Complaint and a service-acceptance form to Defendants, but Defendants did not accept service and were not formally served until roughly two weeks later.

Accordingly, there is no procedural defect in Defendant Summit's removal of this action, and Plaintiffs' motion to remand shall be denied.  An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**

---

[3] While the writ of summons was served on Defendant Dick's on December 7, 2022, service of the writ of summons, rather than the Complaint, does not satisfy the "properly joined and served" language in Section 1446(b).  *See McLaughlin v. Bayer Essure, Inc.*, 2019 WL 2248690, at *3 (E.D. Pa. May 24, 2019) (listing cases).