IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN VANDINE AND RENEE VANDINE,**<br>           **Plaintiffs,**<br><br>           v.<br><br>**SUMMIT TREESTANDS LLC AND DICK'S SPORTING GOODS, INC.,**<br>           **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 23-0027** |

## ORDER

**AND NOW**, this 25th day of June, 2024, upon consideration of Defendant Summit Treestands LLC's Motion to Exclude the Testimony of Jarrett Waters (ECF No. 39), and all Responses and Replies thereto (ECF Nos. 46, 50); Defendant Summit Treestands LLC's Motion to Exclude the Testimony of Phillip Bishop (ECF No. 40), and all Responses and Replies thereto (ECF Nos. 45, 51); and Defendant Summit Treestands LLC's Motion for Summary Judgment (ECF No. 42), and all Responses and Replies thereto (ECF Nos. 47, 52), it is **HEREBY ORDERED** that:

1. Summit's Motion as to Jarrett Waters is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Waters will be precluded from testifying regarding his theory that Plaintiff John VanDine inadvertently grasped the QuickDraw spring and released the cable;

    b. Waters will be precluded from testifying that the Viper's warnings were inadequate; and,

    c. The Motion is **DENIED** in all other respects.

2. Summit's Motion as to Phillip Bishop is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Bishop will be precluded from testifying regarding Viper treestand's cable coating;

    b. Bishop will be precluded from testifying regarding the Summit harnesses' having "several potential problems";

    c. Bishop will be precluded from testifying regarding the adequacy of the Viper's instructions; and,

    d. The Motion is **DENIED** in all other respects.

3. Summit's Motion for Summary Judgment is **DENIED**.

                                        **BY THE COURT:**

                                        /s/Wendy Beetlestone, J.

                                        **WENDY BEETLESTONE, J.**